C. MARGUERITE PARKER and Others, Respondents, v. THE EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES, Appellant. THE BROTHERHOOD OF SAINT ANDREW and Others, Respondents.— This is an appeal by the defendant, the Equitable Life Assurance Society, from a judgment against said defendant in favor of the plaintiffs. The defendant issued six policies of life insurance on the life of Stephen A. K. Parker in the aggregate face amount of $42,000. The proceeds of these policies falling due on the death of the insured were not to be paid in cash but were to be held on deposit and the interest paid to the plaintiff C. Marguerite Parker during her lifetime and with various provisions upon her death. Each of the said policies contained a provision to increase the amount of the death benefit to double the face amount upon due proof that death of the insured resulted solely from bodily injuries caused directly, exclusively and independently of all other causes, of external, violent and purely accidental means, provided that death was not due to the result of or caused directly or indirectly by self-destruction, sane or insane, and certain other excepted clauses. The face amount of the policies had been set up as a deposit pursuant to the policies. This suit is over the provision to increase the amount of death benefits to double the face amount of the policies. The insured was found dead on April 20, 1934, in his garage in which his car was standing with the engine running; his death was caused by the inhalation of carbon monoxide gas. One of the doors of the garage was unlatched and one of the windows was up a little ways. The insured was found with his nose on the bumper; he had on working clothes; his hands were greasy and tools were about. The evidence showed that he had been adjusting the valves on the engine of his Buick car and that it was necessary to have the engine running in order to do this work. An examination of the record indicates that there was a fair question of fact and that the plaintiffs have carried the burden placed upon them and have established the cause of action alleged in their complaint. Judgment unanimously affirmed, with costs. Present — Hill, P. J., McNamee, Crapser, Bliss and Heffernan, JJ.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. THE WEAR-U-WELL SHOE COMPANY, Relator, v. MARK GRAVES and Others, Constituting The State Tax Commission of the State of New York, Respondents.— Review by certiorari of a determination of the State Tax Commission which confirmed an assessment of retail sales taxes and penalties against relator for the period of May 1, 1933, to June 30, 1934. Relator, an Ohio corporation, by a written contract employed New York merchants as its sales agents to sell its merchandise. The merchandise was sold by such sales agents within this State after having been shipped in from Ohio. Relator retained title to the merchandise until the sale by the agent and all moneys received from the sales at all times belonged to the relator. It was urged that the transactions were in interstate commerce and, therefore, the State's sales tax might not be imposed thereon. Determination unanimously confirmed, with fifty dollars costs and disbursements. Present — Hill, P. J., McNamee, Crapser, Bliss and Heffernan, JJ.